# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MATHEW W. PATNESKY,** | Criminal Case No. 2:13-CR-212 |
| | Civil Case No. 2:19-CV-560 |
| Movant, | Judge George C. Smith |
| | Chief Magistrate Judge Elizabeth P. Deavers |
| v. | |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

## ORDER and REPORT AND RECOMMENDATION

On February 13, 2019, Movant, a federal prisoner, submitted a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 32.) The case was referred to the Magistrate Judge pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Court ("the Habeas Rules"), this Court must conduct a preliminary review and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the motion must be dismissed. *Id.* Rule 4(b) allows for the dismissal of motions that state "only bald legal conclusions with no supporting factual allegations." *Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). For the following reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** for failure to comply with mandatory provisions of the Habeas Rules and because Movant's claims are time-barred. Further, Movant's request for an evidentiary hearing is **DENIED**.

**Facts and Procedural History**

Pursuant to a negotiated plea agreement, Movant was convicted of Coercion and Enticement in violation of 18 U.S.C. § 2422(b). (ECF Nos. 14, 23, 25.) The plea agreement provided that Respondent would make certain recommendations about the application of the United States Sentencing Guidelines to Movant's sentence, and that in exchange, Movant would waive both his right to file a direct appeal[1] and his right to collaterally attack his sentence through a proceeding under § 2255. (ECF No. 14.) Movant nevertheless retained the right to challenge in a § 2255 proceeding on the basis that he received ineffective assistance of counsel or for prosecutorial misconduct. (*Id.*) On January 30, 2014, the Court entered an amended judgment imposing a sentence of 132 months of imprisonment to be followed by a ten-year period of supervised release. (*Id.*) Movant did not file a direct appeal.

On February 13, 2019, Movant placed a motion to vacate his sentence under § 2255 in the prison mailing system. (ECF No. 32, at PAGE ID # 106.) Although not entirely clear, Movant alleges that the criminal statute that he was convicted of violating is unconstitutionally vague and unconstitutionally enforced, and that he received ineffective assistance of counsel when his lawyer failed to assert that he had been entrapped by federal agents. (*Id.*, at PAGE ID ## 104–105.) Movant seeks to have his "charge and sentence vacated with prejudice" and requests that the Court conduct an evidentiary hearing. (*Id.*, at PAGE ID # 106.)

The motion to vacate does not, however, use or substantially follow the standard form (AO–243) as required by Rule 2(c) of the Habeas Rules. Nor is it signed under penalty of perjury as required by Rule 2(b)(5) of the Habeas Rules. Consequently, on February 21, 2019, the Court directed the clerk to mail Movant a copy of the standard form and ordered Movant to

---

[1] Subject to certain exceptions that are not relevant here.

file a motion to vacate that complied with the Habeas Rules within 14 days of the date of that Order. (ECF No. 33.)[2] Movant was expressly warned that failure to comply could lead to dismissal of this action with prejudice. (*Id*.) On February 25, 2019, Movant submitted a motion alleging that the clerk had failed to send him a copy of the standard form. (ECF No. 34.) He asked that one be provided and that he be given a 45–day extension of time to comply with the Court's February 21, 2019, Order. (*Id*.) The Court granted that motion on March 8, 2019. (ECF No. 35.) On February 27, 2019, Movant submitted another filing, this time alleging that the clerk had sent him the wrong form and asking that he be provided with the correct form. (ECF No. 36.) On March 13, 2019, the Court directed the clerk to send Movant another copy of the standard form. (ECF No. 37.) The clerk did so. (*Id*., at PAGE ID # 122–134.) The Court further indicated that Movant had until April 9, 2019, to complete and return his motion to vacate under § 2255. (*Id*., at PAGE ID # 121.) No submission was received by that date.

Accordingly, on April 18, 2019, Movant was ordered to show cause as to why his motion to vacate should not be dismissed with prejudice for failure to prosecute and for failing to comply with this Court's Orders. (ECF No. 38.) Movant was given 14 days to comply with that directive. (*Id*.) To date, Movant has failed to respond to that Order or to remedy the deficiencies in his motion to vacate.

---

[2] The February 21, 2019, Order inadvertently cited the rule provisions governing habeas petitions brought under 28 U.S.C. § 2254 instead of motions to vacate under § 2255. (ECF No. 33.) The pertinent requirements in both sets of rules are, however, the same (*i.e*., the applicant must use or substantially follow the applicable standard form and sign the application under penalty of perjury). *Cf.* Rules 2(c)(5) and (d) of the Rules Governing Section 2254 Cases in the United States District Courts to Rules 2(b)(5) and (c) of the Habeas Rules. Moreover, the Clerk mailed Movant the correct § 2255 form (ECF No. 37–1, at PAGE ID ## 123–134) and the Court's subsequent April 18, 2019, Show Cause Order cited the § 2255 rule provisions (ECF No. 38).

## Failure to Comply With the Habeas Rules

The Court should dismiss Movant's § 2255 motion for failure to comply with the Habeas Rules, including Rule 2(b)(5) which requires that a § 2255 motion be "signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." "Motions to vacate . . . ask the district court to grant an extraordinary remedy to someone who already has had an opportunity for full process . . . . [Therefore] a district court must assure itself that a threshold showing has been made that justifies the commitment of judicial resources necessary to accomplish this difficult and demanding task." *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006). That said, "unremedied technical failures should not become a trap to avoid a merits adjudication." *Id.* at 1071. For that reason, it is the better practice to allow movants the opportunity to comply with the verification requirement. *Id.* at 1069. Nevertheless, "unverified allegations are insufficient to invoke the process of collateral attack on a final federal criminal conviction." *Id.* at 1071.

In this case, the Court has allowed Movant the opportunity to comply— the Court directed the Clerk to send Movant copies of the standard form, extended the original compliance deadline by 45 days, and issued a Show Cause Order allowing an additional 14 days for Movant to comply or explain why he could not do so before issuing this Report and Recommendation. Movant has simply failed to avail himself of those opportunities despite being warned of the consequences of non-compliance. Indeed, approximately three months have expired since the Court initially ordered compliance on February 21, 2019. Accordingly, the § 2255 motion should be denied. *See Lyles v. United States*, Nos. 1:11–cv–313–MR, 1:05–cr–226–MR–DLH–1, 2013 WL 3408937, at * 1 (W.D. N.C. July 8, 2013) (dismissing a § 2255 motion because even though movant had "ample time to comply with the Court's Order, the [movant] . . . filed no

such amended petition which conforms to the requirements of Rule 2 of the [Habeas Rules], nor has [movant] applied to this Court for an extension of time to respond according to the requirements of Rule 2"); *Saenz v. United States*, Nos. 09–630–KD–M, 07–273–KD–M, 2009 WL 5174224, at *2 n.1 (S.D. Ala. Dec. 21, 2009) ("Under Rule 2(b)(5) of the [Habeas Rules], the motion 'must be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.' This failure alone would warrant the dismissal of [the movant's] Motion. *See McFarland v. Scott*, 512 U.S. 849, 856, 114 S. Ct. 2568, 129 L.Ed. 2d 666 (1994) ('Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face').").

## Statute of Limitations

Even if the motion to vacate complied with the Habeas Rules, it should be denied because Movant's claims are time-barred. Movant had 14 days after the amended judgment was entered on January 30, 2014, to file a direct appeal. *See* Fed. App. R. 4(b)(1)(A). Because he did not file a direct appeal, the amended judgment became final when that 14–day period ended on February 13, 2014. *Harris v. United States*, No. 16–3332, 2017 WL 1379472, at *2 (6th Cir. April 17, 2017) (citing *Sanchez–Castellano v. United States,* 358 F.3d 424, 427 (6th Cir. 2004) ("When a federal criminal defendant does not appeal to the court of appeals, the judgment become final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed")). Pursuant to 28 U.S.C § 2255(f)(1), the one-year statute of limitations to file a motion to vacate under § 2255 began to run the next day, and it expired on February 14, 2015. Movant filed his § 2255 motion approximately five years later

by placing it in the prison mail system on February 13, 2019.[3] (ECF. No. 32, at PAGE ID # 108.) Consequently, Petitioner's motion to vacate is untimely under § 2255(f)(1).

A motion to vacate under § 2255 can be timely, however, if it is filed within one year of the date on which any government-created impediment to filing it is removed, 28 U.S.C. § 2255(f)(2); within one year of the date on which the asserted right was recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, 28 U.S.C. § 2255(f)(3); or within one year of the date on which facts supporting a claim first could have been discovered through the exercise of due diligence, 28 U.S.C. § 2255(f)(4). *See Harris*, 2017 WL 1379472, at *2. Movant does not contend that the government caused him to delay the filing of his § 2255 motion or that the motion was based on newly discovered facts.

Nor does Movant point to a Supreme Court decision recognizing a new right that was made retroactively applicable to his case on collateral review. Movant cites *Class v. United States*, 138 S. Ct. 798 (2018), but offers no explanation as to how that case allegedly impacts his § 2255 motion. At issue in *Class* was "whether a guilty plea by itself bars a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal." 138 S. Ct. at 803. The Supreme Court held that certain types of claims raised on direct appeal— including a constitutional challenge to the statute of conviction— were not barred by the appeal-waiver in the *Class* appellant's plea agreement. *See id*. at 805. Assuming that the appeal-waiver in *Class* was similar to or the same as the appeal-waiver in this case, *Class* clearly and expressly pertains to a defendant's right on direct appeal. Movant did not pursue, however, a direct appeal. Nor does he allege that an appellate court improperly applied his appeal-waiver

---

[3] Under the prison mailroom filing rule of *Houston v. Lack*, 487 U.S. 266, 270–72 (1988), a petitioner's motion to vacate is ordinarily deemed filed on the date that it is submitted to prison officials for mailing to a court. *See Towns v. United* States, 190 F.3d 468, 469 (6th Cir. 1999).

to bar certain claims. Moreover, the Supreme Court declared that the holding in *Class* "flows directly from this Court's prior decisions." 138 S. Ct. at 803. Thus, *Class* did not recognize a new right or make a right retroactively applicable so as to restart the statute of limitations for filing a § 2255 motion.

The statute of limitations is subject to equitable tolling if an applicant establishes: "(1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Webb v. United States*, No. 14-5380, 2017 WL 655774, at *5 (6th Cir. Feb. 17, 2017), *cert. denied*, (U.S. June 26, 2017) (quoting *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012)). Movant makes no attempt to establish that equitable tolling is warranted. Accordingly, the claims in the motion to vacate are time-barred and the motion should be denied.

**Evidentiary Hearing**

Petitioner requests an evidentiary hearing. An evidentiary hearing is not required, however, in a § 2255 proceeding if the record conclusively establishes that a petitioner is not entitled to relief. 28 U.S.C. § 2255(b). Here, no hearing is required because the § 2255 motion and the records of the case conclusively show that Movant's claims are time–barred. *See Berry v. United States,* No. 1:08CR516, 2017 WL 4286671, at *3 (N.D. Ohio Sept. 27, 2017) (citing *United States v. Morales-Dorantes*, No. 1:07-cr-295, 2014 WL 1338159, at * 3 (W.D. Mich. Apr. 2, 2014) (holding that no hearing necessary where the files and the records conclusively showed that motion was time-barred and movant was thus not entitled to relief under § 2255)). Moreover, it is a movant's burden to sustain his claims by a preponderance of evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir 2006). Indeed, a movant must "establish some evidentiary basis for his claims before the district court is required to hold a hearing."

*Kafo*, 467 F.3d at 1071.  Here, Movant has produced no evidence given that he has submitted only unverified allegations.  *Id.*; *see also Inglesias v. Davis*, No. 07–1166, 2009 WL 87574, at *3 (6th Cir. Jan. 12, 2009) (relying on *Kafo* to hold that because a habeas petitioner's "objections to the magistrate judge's recommendations were not 'declare[d] under penalty of perjury' or otherwise attested to, such "mere allegations do not constitute evidence until they are sworn or otherwise verified").  Petitioner's request for an evidentiary hearing is **DENIED**.

## Recommended Disposition

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have a District Judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

**DATE: May 15, 2019**             /s/ *Elizabeth A. Preston Deavers*
                                   **ELIZABETH A. PRESTON DEAVERS**
                                   **CHIEF UNITED STATES MAGISTRATE JUDGE**